UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AISHA JAMILAH TIGGS, et al. | No. 2:22-cv-02163-DC-SCR |
| Plaintiffs, | |
| v. | ORDER GRANTING SEQUOIA BROWN'S APPLICATION FOR APPOINTMENT AS GUARDIAN *AD LITEM* FOR PLAINTIFF N.C. |
| COUNTY OF SAN JOAQUIN, | |
| Defendant. | (Doc. No. 25) |

This matter is before the court on the application of non-party Sequoia Brown for appointment as guardian *ad litem* of her son, Plaintiff N.C.[1] (Doc. No. 25.) No opposition to the pending application has been filed. For the reason explained below, the court will grant the application and appoint Sequoia Brown as Plaintiff N.C.'s guardian *ad litem*.

Under Rule 17 of the Federal Rules of Civil Procedure, "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian *ad litem*." "The court must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). A representative of a minor or incompetent person may sue or defend on behalf of the

---

[1] The docket in this case erroneously lists Sequoia Brown as a named plaintiff in this action. However, the complaint's caption and the complaint only refer to Sequoia Brown as a proposed guardian *ad litem*. (Doc. No. 1 at 1, 3.) Accordingly, the court will direct the Clerk of the Court to correct the docket.

1

1 minor or incompetent person.  Fed. R. Civ. P. 17(c).

2 The appointment of the guardian *ad litem* is more than a mere formality. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). A court shall take whatever measures it deems appropriate to protect the interests of the individual during the litigation. *Id*. The guardian need not possess special qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)).

In this district, Local Rule 202(a) further provides, in pertinent part:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor . . . the attorney representing the minor or incompetent person shall present . . . a motion for the appointment of a guardian *ad litem* by the Court, or . . . a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

L.R. 202(a) (citing Fed. R. Civ. P. 17(c)). Local Rule 202 also requires disclosure of the attorney's interest, specifically requiring the following:

> When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

L.R. 202(c).

The decision to appoint a guardian *ad litem* "must normally be left to the sound discretion of the trial court." *30.64 Acres of Land*, 795 F.2d at 804. Fit parents are presumed to act in the best interests of their children. *Troxel v. Granville*, 530 U.S. 57, 66 (2000). However, "if the parent has an actual or potential conflict of interest with [their] child, the parent has no right to control or influence the child's litigation." *Molesky for J.M. v. Carillo*, No. 1:22-cv-1567-ADA-CDB, 2022 WL 17584396, at *1 (E.D. Cal. Dec. 12, 2022) (quoting *Williams v. Super. Ct. of San Diego*, 147 Cal. App. 4th 36, 50 (2007)).

The proposed guardian *ad litem*, Sequoia Brown, is the mother of Plaintiff N.C. (Doc. 25 at ¶ 3.) The application states Sequoia Brown has no interest potentially adverse to Plaintiff N.C. and she consents to the appointment. (Doc. Nos. 25 at ¶¶ 5, 7; 25-1.) Based on those representations, the court finds Sequoia Brown to be an appropriate guardian *ad litem* for Plaintiff N.C. and the requirements of Local Rule 202(a) have been satisfied.

The application also meets the requirements of Local Rule 202(c). In a declaration filed in support of the pending application, Plaintiffs' counsel Sanjay S. Schmidt declares he was retained to represent Plaintiffs on a pro bono basis. (Doc. No. 26 at ¶ 5.) Counsel Schmidt states his office has also incurred substantial case costs, which he has decided also to provide to Plaintiffs on a pro bono basis. (*Id*. at ¶ 8.) Counsel Schmidt asserts he did not become involved in this case at the instance of Defendant County of San Joaquin or any other party against whom the causes of actions are asserted, and he does not stand in any relationship with any of the parties or attorneys in this lawsuit. (*Id*. at ¶ 7.)

Accordingly:

1. The application for the appointment of Sequoia Brown as guardian *ad litem* for Plaintiff N.C. (Doc. No. 25) is GRANTED; and
2. The Clerk of the Court is directed to correct the docket to reflect that Sequoia Brown is not a named plaintiff in this action.

IT IS SO ORDERED.

Dated:   **December 30, 2024**

_____
Dena Coggins
United States District Judge

3