UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AISHA JAMILAH TIGGS, et al.<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN JOAQUIN,<br><br>Defendant. | No. 2:22-cv-02163-DC-SCR<br><br>ORDER GRANTING APPLICATION OF AISHA JAMILAH TIGGS FOR APPOINTMENT AS GUARDIAN AD LITEM FOR MINOR PLAINTIFF M.T.C., JR.<br><br>(Doc. No. 24) |

This matter is before the court on Plaintiff Aisha Jamilah Tiggs' application for appointment as guardian *ad litem* for minor Plaintiff M.T.C., Jr. (Doc. No. 24.) No opposition to the pending application has been filed. For the reasons explained below, the court will grant Plaintiff Aisha Jamilah Tiggs' application.

Under Rule 17 of the Federal Rules of Civil Procedure, "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian *ad litem*." "The court must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). A representative of a minor or incompetent person may sue or defend on behalf of the minor or incompetent person.  Fed. R. Civ. P. 17(c).

The appointment of the guardian *ad litem* is more than a mere formality. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 805

(9th Cir. 1986). A court shall take whatever measures it deems appropriate to protect the interests of the individual during the litigation. *Id*. The guardian need not possess special qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)).

In this district, Local Rule 202(a) further provides, in pertinent part:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor . . . the attorney representing the minor or incompetent person shall present . . . a motion for the appointment of a guardian *ad litem* by the Court, or . . . a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

L.R. 202(a) (citing Fed. R. Civ. P. 17(c)). Local Rule 202 also requires disclosure of the attorney's interest, specifically requiring the following:

> When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

L.R. 202(c).

The decision to appoint a guardian *ad litem* "must normally be left to the sound discretion of the trial court." *30.64 Acres of Land*, 795 F.2d at 804. Fit parents are presumed to act in the best interests of their children. *Troxel v. Granville*, 530 U.S. 57, 66 (2000). However, "if the parent has an actual or potential conflict of interest with [their] child, the parent has no right to control or influence the child's litigation." *Molesky for J.M. v. Carillo*, No. 1:22-cv-1567-ADA-CDB, 2022 WL 17584396, at *1 (E.D. Cal. Dec. 12, 2022) (quoting *Williams v. Super. Ct. of San Diego*, 147 Cal. App. 4th 36, 50 (2007)).

The proposed guardian *ad litem*, Plaintiff Aisha Jamilah Tiggs, is the biological mother of Plaintiff M.T.C., Jr. (Doc. No. 24 at ¶ 6.) Plaintiff Aisha Jamilah Tiggs consents to act as a guardian *ad litem* for Plaintiff M.T.C., Jr. (Doc. No. 24-1.) Plaintiff Aisha Jamilah Tiggs asserts

there is no inherent conflict of interest between her claims and her son's claims. (Doc. No. 24 at 2.) Based on the representations in Plaintiff Aisha Jamilah Tiggs' application, and a review of the operative complaint, the court finds no conflicts in Plaintiffs M.T.C., Jr. and Aisha Jamilah Tiggs' claims. *See J.M. v. Liberty Union High Sch. Dist.*, No. 16-cv-05225-LB, 2016 WL 4942999, at *2 (N.D. Cal. Sep. 16, 2024) ("Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest."). Further, the court finds Plaintiff Aisha Jamilah Tiggs to be an appropriate guardian *ad litem* for Plaintiff M.T.C., Jr., and the requirements of Local Rule 202(a) have been satisfied.

The application also meets the requirements of Local Rule 202(c). Counsel Sanjay S. Schmidt declares he was retained to represent Plaintiffs Aisha Jamilah Tiggs, Sequoia Brown, Mykeal Crumb, Simon McCormick, Jr., M.T.C., Jr., and N.C. on a pro bono basis. (Doc. No. 26 at ¶ 5.) Counsel Schmidt states his office has also incurred substantial case costs, which he has decided also to provide to Plaintiffs on a pro bono basis. (*Id*. at ¶ 8.) Counsel Schmidt asserts he did not become involved in this case at the instance of the County of San Joaquin or any other party against whom the causes of actions are asserted, and he does not stand in any relationship with any of the parties or attorneys in this lawsuit. (*Id*. at ¶ 8.)

Accordingly:

1. Plaintiff Aisha Jamilah Tiggs' application for appointment as guardian *ad litem* for Plaintiff M.T.C., Jr. (Doc. No. 24), is granted; and
2. Plaintiff Aisha Jamilah Tiggs is appointed to act as guardian *ad litem* for Plaintiff M.T.C., Jr. and is authorized to prosecute the action on his behalf.

IT IS SO ORDERED.

Dated:   **December 30, 2024**

                                        Dena Coggins
                                        United States District Judge