UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AISHA JAMILAH TIGGS, et al. | No. 2:22-cv-02163-DC-SCR |
| Plaintiffs, | ORDER |
| v. | (Doc. Nos. 29, 32, 33) |
| COUNTY OF SAN JOAQUIN, | |
| Defendant. | |

On December 5, 2022, Plaintiffs Aisha Jamilah Tiggs, Mykeal Crumb, and minor Plaintiffs M.T.C., Jr., and N.C. filed a complaint against Defendant County of San Joaquin. (Doc. No. 1.) On January 16, 2025, the parties filed a stipulation to dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1) and (2). (Doc. No. 29.) After reviewing the stipulation, it was not clear whether the dismissal of this action arose from a settlement of the minor plaintiffs' claims. (*Id.*) As a result, on January 17, 2025, the court issued a minute order noting it would not give effect to the parties' stipulation as the lawsuit involved the claims of minor plaintiffs and the parties had not complied with Local Rule 202(b), which states "[n]o claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise." (Doc. No. 30.)

On January 30, 2025, the parties filed a joint status report and notice of resolution. (Doc. No. 31.) In the report, the parties represented that following discovery in this action, Plaintiffs

1

1 determined that dismissal of the entire action was warranted without a settlement of Plaintiffs'
2 claims. (*Id*. at 2.) On April 14, 2025, Plaintiffs M.T.C., Jr., and N.C. filed a petition for approval
3 of minor's compromise.[1] (Doc. No. 32.)

Pursuant to the parties' stipulation for dismissal, this action is dismissed with prejudice pursuant to Rule 41(a)(1)(A)(ii). *See Commercial Space Mgmt. Co. Inc.*, 193 F.3d 1074, 1078 (9th Cir. 1999) ("Because the dismissal is effective on filing [] no court order is required").

This court has a duty to protect the interests of minors participating in litigation before it. *Salmeron v. U.S.*, 724 F.2d 1357, 1363 (9th Cir. 1983). This duty requires a district court to "conduct its own inquiry to determine whether [a] settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). The court will deny the petition as moot because the action is dismissed, and the petition is unnecessary.

Accordingly:

1. Pursuant to the parties' stipulation for dismissal (Doc. No. 29) and Federal Rule of Civil Procedure 41(a)(2), this action is DISMISSED with prejudice with each party to bear its own attorney fees and costs;

2. Plaintiffs M.T.C., Jr., and N.C.'s petition for approval of minor's compromise (Doc. No. 32) is DENIED as moot;

3. Plaintiffs M.T.C., Jr., and N.C.'s request to file under seal Plaintiffs' expert report concerning this case (Doc. No. 33) is DENIED; and

/////
/////
/////
/////

---

[1] On May 8, 2025, Plaintiffs also filed a request to file under seal an expert report concerning this case. (Doc. No. 33.) Plaintiffs were required to serve their request, proposed order, and submitted document on Defendant on or before the day they submitted their request to the court, but did not do so. *See* L.R. 135; 141(b). Plaintiffs also did not suggest in their request that it would be inappropriate for them to serve these documents on Defendant. *See id.* For these reasons, the court will deny Plaintiffs' request to seal and the submitted document will not be considered.

4. The Clerk of the Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated:   **June 24, 2025**

_____
Dena Coggins
United States District Judge

3